1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    KFORCE INC,

11                            Plaintiff,

12        v.

13    BRETT OXENHANDLER, et al.,

14                            Defendants.

CASE NO. C14-774 MJP

ORDER ON DEFENDANTS'
MOTION FOR PARTIAL
SUMMARY JUDGMENT

15

16        THIS MATTER comes before the Court on Defendants' Motion for Partial Summary

17   Judgment.  (Dkt. No. 34.)  Having reviewed the Parties' briefing and all related papers, the Court

18   GRANTS in part and DENIES in part the motion.

19                                       **Background**

20        Plaintiff Kforce and Defendant Vanderhouwen & Associates ("VHA") are competitors in

21   the "technology specialty staffing business," placing candidates into job openings with

22   technology employers in search of new talent.  (Dkt. Nos. 21 at 2-5, 34 at 2-4.)  Plaintiff brings

23   suit alleging that Defendants Brett Oxenhandler and Collette Bell, former Kforce employees who

24   now work at VHA, and Patrick Walker, a VHA employee, stole a variety of confidential and

proprietary information from Kforce for use at VHA.  (Dkt. No. 21.)  Plaintiff also alleges that VHA employees solicited Kforce employees, encouraging them to break their employment agreements with Kforce, and also solicited Kforce customers, attempting to divert their business to VHA.  (Id.)

Defendants now move for summary judgment on five of Plaintiff's eight claims – breach of fiduciary duty, aiding and abetting breach of fiduciary duty, tortious interference with business relationships, unfair competition, and unjust enrichment – because these claims are preempted by the Uniform Trade Secrets Act.  (Dkt. No. 34.)  Defendants also move for summary judgment on Plaintiff's Consumer Protection Act unfair competition claim, in the alternative, because Plaintiff cannot meet the public interest requirement.  (Id.)  Finally, Defendants request that the Court grant summary judgment on all claims as to improper solicitation of Plaintiff's customers because Plaintiff's Fed. R. Civ. P. 30(b)(6) deponent was unprepared and uninformed at his deposition and could not name any customers that had been solicited.  (Id.)

Plaintiff opposes the motion, arguing that these claims are independent of its trade secret misappropriation claim because the claims are based on the theft and misuse of non-trade secret information and because the solicitation of Kforce employees and customers are separate wrongs which do not involve the acquisition or disclosure of confidential information.  (Dkt. No. 36.) Plaintiff also argues that it has satisfied the Consumer Protection Act's public interest requirement, and that Defendants' Fed. R. Civ. P. 30(b)(6) arguments should be rejected as improperly attempting to transform a discovery dispute into a dispositive motion.  (Id.)

**Discussion**

I.      Legal Standards

A.      Summary Judgment

1    Summary judgment is proper where "the movant shows that there is no genuine issue as

2    to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

3    56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue

4    of fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In assessing whether a party has met

5    its burden, the underlying evidence must be viewed in the light most favorable to the non-

6    moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

7                    B.    Uniform Trade Secrets Act Preemption

8    The Washington Uniform Trade Secrets Act ("UTSA"), like the uniform trade secrets

9    acts of other jurisdictions, "displaces conflicting tort, restitutionary, and other law of this state

10    pertaining to civil liability for misappropriation of a trade secret." RCW 19.108.900(1).  The

11    UTSA does not displace "[c]ontractual or other civil liability or relief that is not based upon

12    misappropriation of a trade secret." RCW 19.108.900(2).  Essentially, "[a] plaintiff may not rely

13    on acts that constitute trade secret misappropriation to support other causes of action." Thola v.

14    Henschell, 140 Wn. App. 70, 82 (2007) (internal quotation marks and citation omitted).

15    To determine whether the UTSA preempts a civil claim, the Court must: "(1) assess the

16    facts that support the plaintiff's civil claim; (2) ask whether those facts are the same as those that

17    support the plaintiff's UTSA claim; and (3) hold that the UTSA preempts liability on the civil

18    claim unless the common law claim is factually independent from the UTSA claim." Id.  Proper

19    application of the preemption test "precludes duplicate recovery for a single wrong." Id.

20    A majority of courts hold that it is not necessary to determine whether the information

21    that a plaintiff alleges was misappropriated constitutes a trade secret before determining whether

22    the UTSA displaces the plaintiff's common law claims.  See Int'l Paper Co. v. Stuit, 2012 WL

23    1857143, at *7 (W.D. Wash. May 21, 2012) (citing CDC Restoration & Constr., LC v.

24

ORDER ON DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT- 3

1   <u>Tradesmen Contractors, LLC</u>, 274 P.3d 317, 330 n. 6 (Utah Ct.App. 2012), and <u>Allied Erecting</u>

2   <u>& Dismantling Co. v. Genesis Equip. & Mfg., Inc.</u>, 649 F.Supp.2d 702, 721-22 (N.D. Ohio

3   2009) (collecting cases)).  This conclusion stems from the fact that the UTSA's preemption

4   provision has generally been interpreted to abolish all free-standing alternative causes of action

5   for theft or misuse of confidential, proprietary, or otherwise secret information falling short of

6   trade-secret status.  <u>Id.</u> (citations omitted).  Where possible, Washington construes the UTSA to

7   achieve uniformity among jurisdictions that have adopted it.  <u>Thola</u>, 140 Wn. App. at 78.

8        II.     Facts Underlying Plaintiff's Claims

9        To determine whether the UTSA preempts Plaintiff's civil claims, the Court must assess

10  whether the facts that support the claims are the same as, or independent from, those that support

11  Plaintiff's UTSA claim.  <u>Thola</u>, 140 Wn. App. at 82.

12       A.     Facts Supporting Plaintiff's Misappropriation of Trade Secrets Claim

13       Plaintiff's First Amended Complaint alleges that Defendants misappropriated

14  "confidential Client, Applicant, employee and customer information and other property of

15  Kforce" that constitute trade secrets under the Washington and Texas UTSAs.  (Dkt. No. 21 at

16  14.)  In the Complaint's "Factual Background and Misconduct Allegations" section, Plaintiff

17  alleges that it has "developed large quantities of confidential and proprietary information that it

18  uses daily in the function of its business.  This information includes competitively advantageous

19  and valuable elements such as confidential communications among management personnel,

20  compilations and information regarding Clients and prospective Clients (including Client contact

21  information, Client preferences and needs, and Client rates), compilations of employment

22  Applicants, salary information for Kforce's employees, Kforce's financial and budgetary

23  information, and information related to marketing strategy."  (<u>Id.</u> at 3.)

24

1    Plaintiff alleges that "[a]n extremely valuable segment of Kforce's confidential

2 information is that which Kforce has developed over the years regarding the identity of Kforce's

3 Clients and Applicants, the purchase activity of Kforce's Clients, pricing information,

4 compensation information, key contact information and personnel, and other proprietary,

5 customer-specific information regarding Kforce's Clients and Applicants ("Confidential

6 Information")." (Id.)  Plaintiff alleges that is has expended substantial time and resources

7 developing its Confidential Information, and has engaged in efforts to protect the secrecy of this

8 information. (Id. at 4.)   Plaintiff alleges that Defendants were given access to this information

9 through their employment at Kforce, and were required to sign employment agreements that

10 restricted Defendants' access to and use of the Confidential Information. (Id. at 5-8.)

11                    B.       Facts Supporting Plaintiff's Other Claims

12    In support of a breach of fiduciary duty claim, Plaintiff alleges that Defendants

13 "purloined confidential records of Kforce and engaged in conduct beyond preparations to obtain

14 different employment or form a different business.  Instead, they both planned with and assisted

15 VHA to compete unfairly and concealed their unfaithful conduct by lying to their respective

16 Kforce supervisors about the reasons for terminating Kforce employment." (Dkt. No. 21 at 14.)

17 In support of an aiding and abetting breach of fiduciary duty claim, Plaintiff alleges that

18 Defendants Walker and VHA "secretly planned and schemed with Oxenhandler and Bell to

19 deprive Kforce of its records, customers, and trade secrets." (Id. at 15.)

20    In support of a tortious interference with business relationships cause of action, Plaintiff

21 alleges that Defendants "Walker and VHA []intentionally interfered with Kforce's contractual

22 and employment relationships with Oxenhandler and Bell by inducing Oxenhandler and Bell to

23 engage in the wrongful conduct described above.  Further, [Defendants] misappropriat[ed]

24

Kforce's customer information and other property and utiliz[ed] such information and property to wrongfully solicit Kforce customers... [D]efendants have intentionally and tortiously interfered with the business relationships between Kforce and its Clients, Applicants, business prospects and customers." (Dkt. No. 21 at 15.)

In support of an unfair competition claim under the Consumer Protection Act, Plaintiff alleges that "[t]he conduct of [Defendants] constitutes unfair competition and unfair and deceptive business acts and practices under statutory and common law…" (Id. at 16.)  Plaintiff requests that the Court enjoin Defendants "from usurping Kforce's trade secrets and goodwill, soliciting a key customer serviced by Oxenhandler and Bell and Kforce's Internal Division, soliciting other core (internal) employees to leave Kforce, and delivering advertising material stolen from Kforce and altered to present as VHA's capabilities those which are in fact Kforce's."  (Id.)

In support of an unjust enrichment claim, Plaintiff alleges that Defendants have been unjustly enriched by "using Kforce's trade secrets, proprietary information, and advertising terms describing its capabilities deceptively to present those capabilities as Walker's and VHA's…" (Dkt. No. 21 at 18.)

III.    Preemption Analysis

Upon assessment of the facts underlying Plaintiff's claims, the Court concludes that the claims are preempted by the UTSA to the extent that they are based on various allegations of theft and misuse of confidential, proprietary, or otherwise secret information because the underlying facts are not independent of the facts that support Plaintiff's UTSA claim.  The Court finds, however, that to the limited extent that the claims are based on the direct solicitation of

1   Plaintiff's customers or employees not involving the use of confidential, proprietary or otherwise

2   secret information, the claims are not preempted.

3       In arguing that its claims are not preempted, Plaintiff identifies numerous examples of

4   conduct that it believes are independent of the misappropriation of trade secrets, but that involve

5   the theft or misuse of confidential, proprietary or otherwise secret information.  For example,

6   Plaintiff argues that Defendants breached their fiduciary duties by funneling helpful competitive

7   information to VHA, misusing Kforce resources, and accessing Kforce information with stolen

8   passwords.  (Dkt. No. 36 at 13-15.)  Plaintiff further identifies "emailing non-trade secret

9   information such as candidate resumes, writing samples, and client locations," and "use of a

10  Kforce Capabilities Report to benefit VHA" as examples of conduct which is independent of the

11  misappropriation of trade secrets.  (Id.)  These factual allegations are inseparable from those

12  underlying the UTSA claim.

13      Plaintiff's attempts to draw an artificial distinction between confidential and proprietary

14  trade secrets and confidential and proprietary "non-trade secret information" are unavailing.  See,

15  e.g., Int'l Paper Co., 2012 WL 1857143 at *7 ("UTSA's preemption provision has generally been

16  interpreted to abolish all free-standing alternative causes of action for theft and misuse of

17  confidential, proprietary, or otherwise secret information falling short of trade-secret status").

18  Furthermore, Plaintiff itself identifies information regarding its customers, including their

19  locations and contact information, information regarding its job applicants, including a

20  "compilation of employment Applicants," and information contained in its proprietary databases,

21  as trade secrets.  (Dkt. No. 21.)  The underlying factual allegations – that Defendants improperly

22  acquired and used information that belongs to Kforce for their own advantage – are identical, and

23

24

1 | Plaintiff cannot both claim trade secret protection for its proprietary information and then argue
2 | that the theft and misuse of the same information is "independent of" its trade secret claim.

3 |       Plaintiff's claims relating to Defendants' acquisition and use of Kforce's information for
4 | their own benefit are preempted.  Therefore, Plaintiff may not rely on any conduct relating to the
5 | theft or misuse of confidential, proprietary, or otherwise secret information for its breach of
6 | fiduciary duty, aiding and abetting breach of fiduciary duty, tortious interference with business
7 | expectancy, unfair competition, or unjust enrichment claims.

8 |       The Court agrees with Plaintiff, however, that claims based on the solicitation of Kforce
9 | customers and employees—where that solicitation was made without the use of confidential,
10 | proprietary, or secret information—are factually independent of the UTSA claim, and therefore
11 | are not preempted.  The court in Thola recognized this difference when it found that evidence of
12 | in-person client solicitation was distinct from evidence offered to prove a UTSA violation
13 | because the solicitation evidence did not involve the acquisition or disclosure of information.
14 | Thola, 140 Wn. App. at 82-83.  Here, Plaintiff may rely on evidence of Defendants soliciting
15 | Kforce employees and customers in support of its surviving common law claims if that evidence
16 | does not involve the theft or misuse of Kforce information.

17 |       IV.    Unfair Competition under the Consumer Protection Act

18 |       Defendants argue that even if Plaintiff's unfair competition claim is not preempted by the
19 | UTSA, they are entitled to summary judgment because Plaintiff cannot meet the public interest
20 | impact requirement of the Consumer Protection Act ("CPA").  (Id. at 10-12.)  The Court agrees.

21 |       In order to prevail on a private CPA claim, "a plaintiff must establish five distinct
22 | elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public

23 |
24 |

1  interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation."

2  Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986).

3        "An act or practice is 'unfair or deceptive' under the CPA only if it has the capacity to

4  deceive 'a substantial portion' of the public."  See Swartz v. KPMG, LLC, 401 F.Supp.2d 1146,

5  1153 (W.D. Wash. 2004) (citing Henery v. Robinson, 67 Wn. App. 277, 289-91 (1992)), aff'd in

6  part, rev'd in part on other grounds by 476 F.3d 756 (9th Cir. 2007).

7        The CPA is meant to protect the public, not to provide an additional remedy for private

8  wrongs.  Lightfoot v. MacDonald, 86 Wn.2d 331, 333 (1976).  Consequently, a dispute between

9  private parties—as opposed to a consumer transaction involving a public-facing business—has a

10  public interest impact where there is a "likelihood that additional plaintiffs have been or will be

11  injured in exactly the same fashion."  Hangman Ridge, 105 Wn.2d at 790.

12        The Court concludes that Plaintiff cannot demonstrate the public interest impact required

13  for an unfair competition claim.  This is a private dispute between two competitors, based on

14  contracts signed by the Parties involved, pertaining to restrictive covenants prohibiting certain

15  actions by employees of the two companies.  See Hangman, 105 Wn.2d at 790 ("Ordinarily, a

16  breach of a private contract affecting no one but the parties to the contract is not an act or

17  practice affecting the public interest.").  The harm here is to Plaintiff, not to the public.  Plaintiff

18  argues that "there is a real potential" that additional plaintiffs will be harmed in the same manner

19  due to Defendants' "pattern of misconduct with Kforce and at least four other competitors."

20  (Dkt. No. 36 at 19.)  But conduct affecting a small portion (four firms) of a niche market

21  (technology specialty staffing firms) does not harm a substantial portion of the general public,

22  especially where the companies do not offer services to the public.  Because there has been no

23  showing that the public has been or will be harmed by the conduct alleged here, and no showing

24

1  that that public would be protected by allowing the CPA claim to proceed, the Court GRANTS

2  summary judgment on Plaintiff's CPA unfair competition claim.

3    V.    Failure to Prepare Fed. R. Civ. P. 30(b)(6) Deponent

4    Defendants request that the Court grant summary judgment on all of Plaintiff's claims as

5  to the solicitation of Kforce customers because Plaintiff's Fed. R. Civ. P. 30(b)(6) deposition

6  designee was unprepared and uninformed and could not name any customers that had been

7  solicited. (Dkt. Nos. 34 at 12-14, 39 at 9-11.) Plaintiff contends that this argument should be

8  rejected because Defendants improperly seek to transform a discovery dispute into a dispositive

9  motion. (Dkt. No. 36 at 20-26.)

10    The Court DENIES Defendants' request to grant summary judgment on all claims as to

11  customer solicitation based on Mr. McCallum's lack of knowledge during his deposition. The

12  Court advises Defendants that they may bring a motion in limine to exclude any evidence that

13  was not disclosed during the deposition or otherwise provided during the course of discovery.

14    **Conclusion**

15    Defendants' Motion for Partial Summary Judgment is GRANTED in part and DENIED

16  in part. Plaintiff's claims are preempted by the UTSA to the extent they are based on the theft

17  and misuse of confidential, proprietary, or otherwise secret information. Plaintiff's claims are

18  not preempted to the extent they are based on solicitation of customers and employees which did

19  not involve the theft or misuse of information. Summary judgment is GRANTED on Plaintiff's

20  CPA claim because this is a private dispute between two competitors and their employees based

21  on restrictive covenants in their employment contracts and does not have a public interest

22  impact. Summary judgment on all claims as to customer solicitation due to Plaintiff's Fed. R.

23  Civ. P. 30(b)(6) deposition designee's testimony is DENIED.

24

ORDER ON DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT- 10

1

2          The clerk is ordered to provide copies of this order to all counsel.

3

4          Dated this 24th day of April, 2015.

5

6

7          _____
           Marsha J. Pechman

8          Chief United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24